AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br>Steve Romero (YOB 1983)<br><br>*Defendant(s)* | ) ) ) ) ) ) ) )<br>Case No. 16-MJ-2671 |

**FILED**
At Albuquerque NM
JUN 14 2016
MATTHEW J. DYKMAN
CLERK

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 13, 2016__ in the county of __Santa Fe__ in the __State and__ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1152 and<br>NMSA 30-14-01(B) | General Crimes Act<br>Criminal Trespass |

This criminal complaint is based on these facts:

Steve Romero, a Non-Indian did knowingly enter or remain upon the unposted lands of John Doe, an Indian, and of Nambe Pueblo, a federally recognized Indian Tribe, knowing that such consent to enter or remain was denied or withdrawn by the owner in the form of a Tribal Resolution served on Romero on March 7, 2016.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Peter D. Lahi, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/14/2016

City and state: Albuquerque NM

_____
*Judge's signature*

Laura Fashing, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS.              ) | |
| ) | Case No:_____ |

STEVE ROMERO (YOB: 1983)

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1.  I am a Special Agent (SA) with the Bureau of Indian Affairs (BIA) assigned to the Northern Pueblos Agency, Ohkay Owingeh, New Mexico. My duties are to provide law enforcement services to the Eight Northern Indian Pueblos and other Indian Country Entities within the United States. My primary duties are investigating violations of the Major Crimes Act and Crimes under 18 USC 1152 and 1153, which occur on the reservations to which I am assigned. I have twenty years of total law enforcement experience with two different law enforcement entities. I have been with the Bureau of Indian Affairs, Office of Justice Services for seven years. I have completed the Criminal Investigation Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia and the Basic Police Training Program with the United States Indian Police Academy at the Federal Law Enforcement Training Center in Artesia, New Mexico. I have extensive in-service and technical training in different aspects of Law Enforcement. Investigations of Criminal Trespassing are some of my responsibilities.

2.  Because this affidavit is being submitted for the purpose of establishing probable cause that the crime of criminal trespass has been committed by ROMERO, I

have not included each and every fact known to me concerning this investigation. The information set forth in this affidavit is known to me as a result of my own investigation, or has been communicated to me by other law enforcement officers or agents. I have set forth facts I believe are necessary to establish probable cause that the crime of criminal trespass has been committed by ROMERO for Criminal Trespassing, while in Indian Country. As a result of my investigation, I have learned the following:

3. Victim -1 of this investigation has been identified as **JOHN DOE**, an Indian of the Nambe Pueblo Indian Tribe. John Doe has a year of birth of 1949 and a Social Security Account number of xxx-xx-0000. He will be referred to as JOHN DOE for the remainder of this affidavit.

4. The suspect is **STEVE ROMERO**, an Non-Indian male. ROMERO has a year of birth of 1983 and a Social Security Account number of xxx-xx-0516. He will be referred to as ROMERO for the remainder of this affidavit.

5. On March 7, 2016, Bureau of Indian Affairs (BIA) Police Officers (PO) Anthony GARCIA and Karen PAUL were dispatched to a 108 County Road 84F in Nambe Pueblo to serve a Banishment Order, Resolution NP2016-09 to ROMERO. This location is Indian Country as defined by Federal Law. The Resolution was passed by Nambe Tribal Council on February 2, 2016 to banish and exclude ROMERO from entering any land within the exterior boundary of Nambe Pueblo. ROMERO was

contacted by PO GARCIA and PO PAUL at the residence. ROMERO was given a copy of the Exclusion and Banishment paperwork and was escorted off the reservation.

6. On April 3, 2016 BIA PO Donald VIGIL was dispatched to a 108 County Road 84F in Nambe Pueblo in regards to ROMERO being on the premises. PO VIGIL made contact with ROMERO at the residence. ROMERO told PO VIGIL he was unaware of the Banishment Order. PO VIGIL told ROMERO to vacate the premises and he left the property.

7. On April 26, 2016 BIA PO Karen PAUL and I were dispatched to a 108 County Road 84F in Nambe Pueblo in regards to ROMERO being on premises. PO PAUL and I made contact with ROMERO and his wife Jennifer at the house. PO PAUL asked ROMERO what he was doing there. ROMERO told PO PAUL he was packing his belongings and leaving for Denver, Colorado. I explained to ROMERO he was banished from Nambe Pueblo and he needed to leave.

8. On April 28, 2016 BIA PO Karen PAUL we sent to a 108 County Road 84F in Nambe Pueblo to remove ROMERO from the house. PO PAUL talked with the home owner JOHN DOE. DOE told PO PAUL he didn't want ROMERO at the house. PO PAUL and Santa Fe County Sheriff's Office (SFCSO) Deputy Roy ARNDT knocked on the door and announced their presence. They did not receive an answer. PO PAUL checked around the outside of the house and saw Deputy ARNDT out with ROMERO in

another yard. ROMERO said he was leaving to Colorado on a bus. ROMERO said there was no room on the bus so he came back. ROMERO was escorted off the Pueblo.

9. On June 13, 2016, I was called by Pojoaque Tribal Police Dispatch (PTPD) in regards to ROMERO being at 108 County Road 84F in Nambe Pueblo. PTPD Karen TAPIA said she received a call from ROMERO's wife's sister asking for BIA to escort them to the residence to pick up her ten (10) month old nephew from ROMERO. The child's mother was incarcerated for a warrant over the weekend. BIA PO Karen PAUL, PO Chasity CORIZ and I went to the residence. PO PAUL and PO CORIZ knocked and announced on the back door of the residence. ROMERO opened the door carrying the child in his hands. I made contact with ROMERO and told him he was under arrest for Criminal Trespassing. ROMERO was taken into custody without incident.

10. SAUSA NAYBACK was contacted and approved the probable cause arrest in this matter and reviewed and approved this affidavit and complaint.

11. Based on the above mentioned facts, known to me concerning this investigation, I believe that probable cause exists that the crime of criminal trespass has been committed by ROMERO, a Non-Indian, without just cause or excuse while in Indian Country in violation of Title 18, United States Code Section 1152, and NMSA 1978 § 30-14-1(B)

I swear this information is the truth to the best of my knowledge and belief.

_____
Peter D. Lahi
Special Agent
BIA/OJS Northern Pueblos Agency

Subscribed and sworn to before me
This __14th__ Day of June 2016

_____
United States Magistrate Judge